IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINO GONZALEZ | § | |
| | § | |
| v. | § | C.A. NO. C-12-045 |
| | § | |
| CITY OF THREE RIVERS | § | |

**OPINION GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTIONS *IN LIMINE***

This is an action filed by a former employee of the City of Three Rivers, Texas, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Pending are Plaintiff's motions in limine. (D.E. 20-2). Plaintiff seeks a ruling on nine different matters in advance of trial. Defendant has not filed a response in opposition. For the reasons that follow, this motion is GRANTED in part and DENIED in part.

**I. LEGAL STANDARDS FOR MOTIONS IN LIMINE**

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff requests the Court to prohibit Defendant from introducing the following matters into evidence:

**1.    Any evidence supporting an issue that was not contained in the final pretrial order. Sobley v. Southern Nat. Gas. Co., 302 F.3d 325, 333 (5th Cir. 2002); Kona Tech. v. Southern Pac. Transp. Co., 225 F.3d 595, 604 (5th Cir. 2000).**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order.  Barret v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order.  Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990).  The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order.  Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

However, there is no reason to rule on this issue until presented in the context of the actual trial.  In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders."  United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted).  The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery

violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted).  Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

2. **Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case.**

Plaintiff's motion in limine is GRANTED.  Neither party will be allowed to mention the anticipated testimony of an absent witness.

3. **Any attempt to request Plaintiff's attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.**

Any discussion of Plaintiff's refusal to stipulate or inability to produce documents, if done before the jury, may unfairly prejudice his case.  See Fed. R. Evid. 403.  Accordingly, Plaintiff's motion in limine is GRANTED.  Neither party will be allowed to seek the production of documents or the stipulation to facts in the presence of the jury.

4. **Any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable.**

Statements of irrelevant or inapplicable law may confuse the jury.  Accordingly, Plaintiff's motion in limine is GRANTED.  See Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2004 WL 2367740, at *7-8 (N.D. Ill. Oct. 15, 2004) (unpublished).

5. **Any reference that this Motion has been presented to or ruled upon by the Court. In this connection, Plaintiff requests that Defendant's counsel be instructed not to suggest by argument or otherwise that Plaintiff has sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. Accordingly, Plaintiff's motion in limine is GRANTED. See Niver v. Travelers Indem. Co., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

6. **Defendant should be precluded from mentioning or divulging, directly or indirectly, any testimony from any witness not properly designated in Defendant's answers to interrogatories or Rule 26 disclosures as a person having knowledge of facts relevant to this lawsuit.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barret, 95 F.3d at 380. Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. Geiserman, 893 F.2d at 790. The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the

opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." Garza, 448 F.3d at 299-300 (citations omitted). Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

**7.    That the Defendant shall refrain from any statement which tends to inform the jury or the jury panel of the effect of its answers to the questions submitted to the jury or any reference to whether a certain question was submitted by Plaintiff or Defendant.**

The Fifth Circuit has explained that, unlike Texas state courts, "federal courts are free to tell juries the effects of their answers." Martin v. Texaco, Inc., 726 F.2d 207, 216 (5th Cir. 1984); accord Turlington v. Phillips Petroleum Co., 795 F.2d 434, 443-44 (5th Cir. 1986). The decision whether to instruct the jury on the effects of its answers is "a matter of discretion for the trial court." Martin, 726 F.2d at 216. The Court may decide to so inform the jury of the legal consequences of its answers to special or general submissions. Accordingly, Plaintiff's motion in limine is DENIED.

**8.    Defendant should be precluded from any attempt to introduce as evidence by deposition or live testimony the opinions of any persons not properly identified as experts.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997). Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Civ. P. 702. Accordingly, Plaintiff's motion in limine is GRANTED. In eliciting lay and expert opinions, the parties shall adhere to the Federal Rules of Evidence.

5

9.     **Defendant should be precluded from mentioning the existence of, or contents of any settlement discussions or negotiations between or among the parties.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or a statement made during compromise negotiations about the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes.  Fed. R. Evid. 408(a).  However, such evidence may be introduced for other purposes.  Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Plaintiff's request is devoid of any specific context.  Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motions in limine, (D.E. 20-2), is DENIED in part and GRANTED in part.

ORDERED this 8th day of February 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE