IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINO GONZALEZ | § | |
| | § | |
| v. | § | C.A. NO. C-12-045 |
| | § | |
| CITY OF THREE RIVERS | § | |

**OPINION GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE**

This is an action filed by a former employee of the City of Three Rivers, Texas, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Pending are Defendant's motions in limine. (D.E. 20-1). Defendant seeks a ruling on eleven different matters in advance of trial. Plaintiff has filed a response in opposition. (D.E. 24). For the reasons that follow, this motion is GRANTED in part and DENIED in part.

**I. LEGAL STANDARDS FOR MOTIONS IN LIMINE**

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON DEFENDANT'S MOTIONS IN LIMINE

Defendant requests the Court to prohibit Plaintiff from introducing the following matters into evidence:

**1.    Any references or evidence that Plaintiff reported regulatory violations by Defendant to the Texas Commission on Environmental Quality, as well as Plaintiff's belief that the City knew he had made the reports and had retaliated against him as a result.  Fed. R. Evid. 401-04.**

Defendant argues that any evidence showing that it retaliated against Plaintiff because he reported its regulatory violations is irrelevant to the questions of whether Defendant discriminated against him on the basis of race, or retaliated against him for having filed an EEOC complaint. Instead, Plaintiff's allegations involving his report would be covered by the Texas Whistleblower statute, which is not at issue in this case. In response, Plaintiff argues that the fact that he was reprimanded for reporting Defendant's violations shows how he was treated differently than other employees because he had filed an EEOC complaint. Specifically, Plaintiff asserts that other employees who had made similar regulatory reports, but had not complained about race discrimination, "would have been deemed quite learned and well-versed; an asset to the department." (D.E. 24, at 2).

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403.

To the extent that Plaintiff seeks to introduce evidence regarding his report to state regulatory agency to show that he engaged in "protected activity" for the purpose of establishing Title VII retaliation, he may not do so.  Reporting environmental regulatory violations does not constitute "protected activity" within the meaning of Title VII.  42 U.S.C. § 2000e-3(a) (prohibiting employer actions that discriminate against an employee because she "has opposed any practice made an unlawful employment practice" by Title VII or because she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII).  Accordingly, the evidence is irrelevant when used for this purpose.

Less clear is whether Defendant's failure to recognize Plaintiff as "quite learned and well-versed" or "an asset to the department," when it would have done so for other employees, constitutes an adverse action for the purpose of establishing Title VII retaliation.  See Harrison v. Corrections Corp. of Am., 476 F. App'x 40, 44 (5th Cir. 2012) (per curiam) (unpublished) (explaining that "'a plaintiff must show that a reasonable employee would have found the challenged action *materially adverse*, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination,'" and that materiality is required "'to separate significant from trivial harms'") (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (emphasis added)).

Defendant's request is otherwise overly broad and devoid of any specific context.  Accordingly, Defendant's motion in limine is GRANTED in part and DENIED in part without prejudice subject to raising specific objections at trial.

**2.     Any evidence supporting an issue that was not contained in the final pretrial order. Sobley v. Southern Nat. Gas. Co., 302 F.3d 325, 333 (5th Cir. 2002); Kona Tech. v. Southern Pac. Transp. Co., 225 F.3d 595, 604 (5th Cir. 2000).**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barret v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

However, there is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted). Accordingly, Defendant's motion in limine is DENIED without prejudice.

3.  **Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case.**

    Defendant's motion in limine is GRANTED.  Neither party will be allowed to mention the anticipated testimony of an absent witness.

4.  **Any attempt to request Defendant's attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.**

    Any discussion of Defendant's refusal to stipulate or inability to produce documents, if done before the jury, may unfairly prejudice his case.  See Fed. R. Evid. 403.  Accordingly, Defendant's motion in limine is GRANTED.  Neither party will be allowed to seek the production of documents or the stipulation to facts in the presence of the jury.

5.  **Any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable.**

    Statements of irrelevant or inapplicable law may confuse the jury.  Accordingly, Defendant's motion in limine is GRANTED.  See Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2004 WL 2367740, at *7-8 (N.D. Ill. Oct. 15, 2004) (unpublished).

6.  **Any reference that this Motion has been presented to or ruled upon by the Court.  In this connection, Defendant requests that Plaintiff's counsel be instructed not to suggest by argument or otherwise that Defendant has sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit.**

    The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, Defendant's motion in limine is GRANTED.  See Niver v. Travelers Indem. Co., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

**7.      Plaintiff should be precluded from mentioning or divulging, directly or indirectly, any testimony from any witness not properly designated in Plaintiff's answers to interrogatories or Rule 26 disclosures as a person having knowledge of facts relevant to this lawsuit.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. <u>Barret</u>, 95 F.3d at 380. Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. <u>Geiserman</u>, 893 F.2d at 790. The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); <u>accord</u> <u>Barret</u>, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." <u>Garrett</u>, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." <u>Garza</u>, 448 F.3d at 299-300 (citations omitted). Accordingly, Defendant's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

8.  **That the Plaintiff shall refrain from any statement which tends to inform the jury or the jury panel of the effect of its answers to the questions submitted to the jury or any reference to whether a certain question was submitted by Plaintiff or Defendant.**

The Fifth Circuit has explained that, unlike Texas state courts, "federal courts are free to tell juries the effects of their answers." Martin v. Texaco, Inc., 726 F.2d 207, 216 (5th Cir. 1984); accord Turlington v. Phillips Petroleum Co., 795 F.2d 434, 443-44 (5th Cir. 1986). The decision whether to instruct the jury on the effects of its answers is "a matter of discretion for the trial court." Martin, 726 F.2d at 216. The Court may decide to so inform the jury of the legal consequences of its answers to special or general submissions. Accordingly, Defendant's motion in limine is DENIED.

9.  **Plaintiff should be precluded from any attempt to introduce as evidence by deposition or live testimony the opinions of any persons not properly identified as experts.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997). Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Civ. P. 702. Accordingly, Defendant's motion in limine is GRANTED. In eliciting lay and expert opinions, the parties shall adhere to the Federal Rules of Evidence.

10. **Plaintiff should be precluded from mentioning the existence of, or contents of any settlement discussions or negotiations between or among the parties.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or a statement made during compromise

negotiations about the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Defendant's request is devoid of any specific context. Accordingly, its motion in limine is DENIED without prejudice.

**11.     Any evidence that Defendant has liability insurance coverage.  Fed. R. Evid. 411.**

Rule 411 makes evidence of liability insurance inadmissible to prove "the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411; accord Reed v. Gen'l Motors Corp., 773 F.2d 660, 663 (5th Cir. 1985). However, evidence of insurance is admissible when offered for other purposes, such as to prove control or bias. The admissibility of such statements will depend on the context and purpose of their introduction: "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

Defendant's request is overly broad and devoid of any specific context. Accordingly, Defendant's motion in limine is DENIED without prejudice to its raising objections at trial.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motions in limine, (D.E. 20-1), are DENIED in part and GRANTED in part.

ORDERED this 8th day of February 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE